Law Office of
**HERNANDEZ & HAMILTON, PC**
The Johnson House Offices
455 West Paseo Redondo
Tucson, Arizona 85701-8254
CLAY HERNANDEZ (AZ010917)
Email: *Clay@Hernandez-Hamilton.com*
Telephone: (520) 882-8823
Fax: (520) 882-8414
Attorney for Defendant Etchart

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>Plaintiff,<br><br>vs.<br><br>Jacob Allen Etchart, Sr.,<br><br>Defendant. | No. CR21-03061-TUC-JCH (MAA)<br><br>**SENTENCING MEMORANDUM**<br><br>**(Defendant Out of Custody)** |

The defendant, through his counsel undersigned, hereby provides this Court with the following memorandum of facts, law, and argument. Counsel asks the Court to consider this Memorandum in its sentencing decision.

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

The defendant, Jacob Allen Etchart, Sr. waived prosecution by indictment and pled guilty before this Court to Engaging in Business of Dealing Firearms Without a License, 18 U.S.C. §§ 922(a)(1)(A) and 924(a)(1)(D). Jacob has no prior criminal history, which places him in Criminal History Category I. The presentence report

writer, Willow Stokes, recommends a sentence of probation, based on a Total Offense Level 15 and Criminal History Category I.    Indeed, Jacob was released on Personal Recognizance and has done exceptionally well on release – maintaining gainful employment and leading a law-abiding lifestyle.  For the reasons outlined below, counsel undersigned requests that this Court sentence Jacob to **probation**.

## II.    BACKGROUND INFORMATION

### A.  Personal History

Jacob is 46-years-old and an owner of a successful plumbing business since February 2020.  Jacob is married; and a father of five (5) children, three (3) of whom are adults and two (2) twin teenagers who still live at home; the two (2) middle children currently attend the University of Arizona; the oldest, his son, works for Jacob at his plumbing business.  He maintains a close relationship with his family. Jacob was born in Tucson, Arizona and has two (2) siblings.  Jacob's parents are owner and co-owners of a plumbing business and had a great, wholesome childhood that was free from abuse and trauma.  Jacob was not exposed to domestic violence, and no one abused drugs or alcohol in his home.  Jacob married his high school sweetheart, Michelle, in 1997 and remains married.  Jacob's wife describes him as:

> "a wonderful man who cares so much about others.  He always drops everything to help anyone who needs it, and goes out of his way to make sure others are taken care of, whether it be my parents, our 5 kids, a family friend, relative, etc.  He is a kind and respected member of our community, and so very well-liked by everyone who meets him.  He truly is a wonderful husband, son, father, and friend."

(*See* Letter from Michelle Etchart).

Jacob's oldest daughter, Mariah Etchart, speaks of her father:

 "He is the most selfless, caring, hard working man I have ever met. My dad has the highest quality character.  Everybody loves my dad. The reason my dad is so successful is because of his ability to put others above himself; people know that they can trust him."

 (*See* Letter from Mariah Etchart).

When not working as a plumber with this family business, Jacob enjoyed buying and selling weapons and when the approximately 130 guns were seized, Jacob lost approximately $50,000 - $100,000.00 of his money.

## B. Offense Conduct

This case began with an investigation in September 2019.  The investigation continued throughout the months of March 2020 through March 2021. In December 2021, 2 years and 3 months later, Jacob was indicted.  During the investigation, law enforcement issued a search warrant that was executed on January 6, 2021, the following items were recovered:  assorted ammunition, including some issued by U.S. Border Patrol; bills of sale, shipping boxes and labels, firearms documents, and approximately 161 firearms and/or firearm components.    Agents interviewed Jacob's wife, Michelle, who estimated they owned approximately 20 firearms and was under the impression her husband was abiding the law for the buying and selling firearms, and a bill of sale was sufficient.   Agents also spoke with Jacob who told agents that he did not need a license to sell firearms in Arizona.  Jacob stated he

typically purchased as many firearms as he sold, and estimated selling approximately 16 firearms in 2020. He indicated he typically asked for the buyer's age, prior felony convictions, prior commercial buying history, and a driver's license. Jacob stated he had concerns about retaliation from gun purchasers. He was worried about being blamed if a firearm he sold was connected to the cartel or other crimes. On March 4, 2021, agents spoke with a customer of Jacob who confirmed he purchased two weapons from Jacob on December 17, 2020, for $2,200. The purchaser stated Jacob asked if he was prohibited possessor.

Receipts from one store in Tucson confirmed Jacob spent $8,715.16 on firearms and ammunition between May 9 and December 18, 2020. Records from GunBroker.com revealed he paid $20,374 between August 2017 and December 24, 2020, for the purchase of firearms and accessories.

Jacob accepts full responsibility for his actions and expresses genuine remorse for his involvement in this offense. In his letter to the Court, he states:

> I am incredibly thankful for my family and for the life we have built. I'm also aware of how they fully depend on me. I would like to continue to be able to provide for them, protect them, and teach my sons the skills necessary to continue our family business. I sincerely regret that my actions have put that at risk. Please know that I fully understand the gravity of this charge, and I humbly ask that you please consider my family when deciding the outcome of this case.

## III.    ARGUMENT UNDER GUIDELINES AND 18 U.S.C. § 3553

### A. Introduction

When considering an appropriate sentence under 18 U.S.C. § 3553(a), the district court must ensure the overall substantive reasonableness of the sentence. *United States v. Vasquez-Cruz*, 692 F.3d 1001, 1006 (9th Cir. 2012). The district court may not presume the Guidelines range is reasonable. *United States v. Carty*, 520 F.3d 984, 991 (9th Cir. 2008) (citations omitted). "The overarching statutory charge for a district court is to 'impose a sentence sufficient, but not greater than necessary' to reflect the seriousness of the offense, promote respect for the law, and provide just punishment; to afford adequate deterrence; to protect the public; and to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment." *Id. citing* 18 U.S.C. § 3553(a); (a)(2).

## IV.    CONCLUSION

Jacob made some incredibly poor decisions, and his arrest and prosecution for this offense have already had a significant effect on his life. He will have a hard felony for the rest of his life, with all the restrictions that come along with that. Jacob accepts responsibility for his actions. He knows that this blip on the radar does not define him, and eventually, he will come out stronger than ever before.

For the foregoing reasons, a sentence of **probation** is sufficient but not greater than necessary to achieve the aims of sentencing. See 18 U.S.C. § 3553(a). Jacob's

remorse, family support, and acceptance of responsibility justify the requested sentence.

RESPECTFULLY SUBMITTED this 14th day of February, 2024.

Law Office of
**HERNANDEZ & HAMILTON, PC**

*/s/Clay Hernandez*
CLAY HERNANDEZ
Attorney for Defendant

1
2

## <u>CERTIFICATE OF SERVICE</u>

3

I, Linda Yrrizarry, do hereby certify that on this 14th day of February, 2024, I
electronically transmitted the foregoing documents to the Clerk's Office using the
CM/ECF System for filing, and transmittal of a Notice of Electronic Filing was sent
to the following recipients:

4

5

6

7
The Honorable John C. Hinderaker
United States District Court

8

9
Serra M. Tsethlikai, Assistant
United States Attorney's Office

10

11
Willow Stokes, Senior
United States Probation Department

12

13
Clay Hernandez
Attorney for Defendant

14

15
By *s/Linda Yrrizarry*
    LINDA YRRIZARRY

16
17
18
19
20
21
22
23
24
25
26
27
28